**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1998-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOSEPH P. MCCARRAHER, JR.,
a/k/a JOSEPH MCCARRAHER, and
ADAM MCCARRAHER,

    Defendant-Appellant.

---

        Submitted May 2, 2018 — Decided June 12, 2018

        Before Judges Alvarez and Nugent.

        On appeal from Superior Court of New Jersey,
        Law Division, Cape May County, Indictment Nos.
        12-10-0645 and 14-06-0490.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Daniel V. Gautieri, Assistant
        Deputy Public Defender, of counsel and on the
        brief).

        Jeffrey H. Sutherland, Cape May County
        Prosecutor, attorney for respondent (Gretchen
        A. Pickering, Assistant Prosecutor, of counsel
        and on the brief).

PER CURIAM

After the denial of his motion to dismiss the remaining counts of an indictment, defendant Joseph P. McCarraher, Jr., entered a guilty plea to third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(5)(a). In accordance with the plea agreement, on May 27, 2016, defendant was sentenced to a four-year term of incarceration with one year of parole ineligibility. An order of restitution and appropriate fines and penalties were also imposed.

The incident that led to the indictment occurred when at approximately 11:46 p.m., Lower Township Police Officer Dallas Bohn, Jr., who was familiar with defendant and his brother Adam, encountered defendant walking in an area in which a series of vehicles had been vandalized the night before. Bohn identified himself and asked defendant for his name. Defendant gave his brother's name instead of his own and then ran away.

Bohn knew defendant had an outstanding arrest warrant and then chased him, all the while commanding defendant to stop running. Eventually, Bohn tackled defendant to the ground. When he did so, defendant punched him with closed fists and kicked at him with his feet while attempting to reach into his pockets with his right hand. Bohn repeatedly ordered defendant to get back down on the ground and told him that he was under arrest. Defendant did not comply, and Bohn was forced to use pepper spray. When backup arrived and defendant was searched after arrest, the

officers found seven bags of heroin and $705 on his person. The events were described in testimony developed during the course of defendant's successful motion to suppress evidence.

Ultimately, the trial judge concluded that "[defendant] did not have the right to strike the patrolman," that the "testimony regarding the defendant's flight and assault is permitted at trial," and that the relevant counts to the indictment would therefore not be dismissed. They were neither manifestly deficient nor palpably defective.

Defendant now raises the following point:

> THE COURT ERRED IN DENYING McCARRAHER'S MOTION TO DISMISS THE RESISTING-ARREST AND AGGRAVATED-ASSAULT COUNTS BECAUSE THE OFFICER DID NOT ANNOUNCE AN INTENT TO ARREST McCARRAHER BEFORE TACKLING HIM TO THE GROUND, AND BECAUSE McCARRAHER'S ACTIONS WERE SPONTANEOUS AND PROPORTIONATE TO THE OFFICER'S ACTIONS.

"An indictment is presumed valid and should only be dismissed if it is 'manifestly deficient or palpably defective.'" State v. Feliciano, 224 N.J. 351, 380 (2016) (quoting State v. Hogan, 144 N.J. 216, 229 (1996)). The decision whether to dismiss an indictment lies within the sound discretion of the trial court and is reviewed only for a clear abuse of discretion. State v. Saavedra, 222 N.J. 39, 55 (2015); State v. Zembreski, 445 N.J. Super. 412, 424 (App. Div. 2016).

This indictment is valid. That Bohn did not say that he announced his intention to arrest defendant until after defendant was hiding behind a tree did not make the indictment manifestly deficient or palpably defective. A suspect has no right to flee from an investigatory stop or to resist even an unlawful arrest. See State v. Williams, 192 N.J. 1, 11-12 (2007); State v. Crawley, 187 N.J. 440, 451-52 (2006). Whether or not the State could prove the necessary sequence of events such as to meet the statutory test either for resisting arrest or aggravated assault was a fact issue to be decided during a trial and is not grounds for the dismissal of an indictment.

Defendant fled, despite being chased by an officer who was continuously ordering him to stop. He wrestled with an officer who was trying to subdue him, and did so while the officer was telling him he was under arrest. Defendant tried to hide from the officer, and punched and kicked him. The facts as developed during the suppression hearing established that the indictment was not manifestly deficient or palpably defective. The argument that failure to dismiss the indictment under these circumstances is against public policy does not warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1998-16T3